Daniels, J.
The plaintiff as a judgment-creditor of the-firm of James E. Hulshizer and Robert K. Buckman brought-this action to set aside a general assignment made by the-members of this firm for the benefit of their creditors. The-assignment was objected to as fraudulent, and that the inventory so far as it proceeded was not made in conformity with what the statute required for that purpose. It has been objected that the nature of the debts mentioned in the inventory and of their cause and consideration has not been stated, but the inventory itself fails to sustain that objection. The names of the creditors with their residences and the amounts of the debts owing, are set forth in the inventory, and then follows a brief statement of what the debts were created for. While this statement is very general it is still sufficient to include the cause and consideration of the indebtedness and the nature of the several debts.
The assignment was made to a clerk in the employment-of the assignors. He sold a portion of the property, and finally disposed of the remainder to the mother of one of the assignors, who has since added to the stock and carried on the business in the same store under the name of R. K. *95 Buckman, agent. She was a preferred creditor in the assignment and received payments upon her indebtedness from the assignee. It does not, however, appear that the assigned property remained in the possession of the assignor after the assignment, but the evidence renders it probable that it was under the control, management and disposition, of the assignee. While the transactions were suspicious, through which the mother of one of the assignors acquired the title to the residue of the property and the business was. resumed by himself as agent, the facts were not so forcible-in themselves as to warrant a determination upon the appeal that the court had erroneously considered the assignment to have been made in good faith.
The assignors resided in the state of New Jersey, and. each of them was the owner of personal property not mentioned in the inventory annexed to the assignment, while-the assignment, in form, assigned all their property, whether owned jointly or severally, and wheresoever it might be. And in their affidavit verifying the inventory, they swore that it contained all their estate, both real and personal, in law and equity, and which they owned either as partners, or individually, at the date of the assignment. This affidavit was untrue so far as it related to their individual property, for no account of that property was contained in the inventory. And if the property individually owned by the assignors had been in the state of New York, it would follow from the failure to make it a part of the inventory, and from the untruthfuhiess of this affidavit, that the- assignment should be set aside as fraudulent. Victor v. Henlein, 34 Hun, 562. But at the time when, the assignment was made and the residue of the estate was in the hands of the assignee, the individual property of the assignors was in the state of New Jersey, and by the-statute of that state an assignment containing preferences-has been forbidden. This statute was the subject of consideration in Varnum v. Camp (1 Green., 326), and Moore v. Bonnell (2 Vroom., 90), where it was held by the courts of New Jersey that an assignment containing preferences, made in the state of New York and valid under its laws, would not transfer to the assignee either real or personal property being at the time in the state of New Jersey. The-assignment which these defendants made for that reason failed to transfer any right, title or interest in the individual property of the assignors to the assignee. And it was not fraudulent for the omission of the assignors either to deliver it to him, or to mention it in the schedule made and filed after the execution of the assignment. It was not property which, in any sense, the assignee was entitled to receive;, and withholding it from him could not invalidate the assign *96 rnent, as it would if the property had been situated in the state of New York. What the assignors did, they had the authority for doing under the statute of the state of New Jersey. And their individual property was liable to be seized and sold, as it afterwards was, under a judgment recovered in that state. While their evidence was greatly •discredited by the affidavit which they made, the evidence ■did not leave the conclusion of the court at the trial so far unsupported as to permit it to be set aside on this appeal. 'The case was a suspicious one, it is true, but a mere suspicion of fraudulent misconduct on the part of assignors is not of itself sufficient to vacate a general assignment.
The judgment from which the appeal has been taken should be affirmed, together with the costs of the appeal.
Brady, J., concurs.